# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KERRY MILLS,**                 ) | |
|                    ) | |
|          **Petitioner,**        ) | |
|                    ) | |
|     **v.**                  ) | **Civil Action No. 05-0823 (EGS)** |
|                    ) | |
| **U.S. PAROLE COMMISSION.,**    ) | |
|                    ) | |
|          **Respondent.**       ) | |

## MEMORANDUM OPINION

_____This is a habeas corpus action brought pursuant to 28 U.S.C. §2241. Petitioner, proceeding *pro se*, is a D.C. Code offender challenging the actions of the United States Parole Commission ("Parole Commission"). Because the Court finds that the claims are without merit, the petition for writ of habeas corpus will be denied and the case dismissed.

*Background*

On September 20, 1989, petitioner was sentenced to two concurrent sentences of one to three years imprisonment for the offenses of attempted distribution of cocaine and attempted possession with the intent to distribute heroin. Respondent's Opposition to Petition for Writ of Habeas Corpus ("Resp. Opp."), Exhibit ("Ex.") A. The District of Columbia Board of Parole ("D.C. Board") released petitioner on parole on September 25, 1990. *Id.*, Ex. B. Petitioner was ordered by the D.C. Board to remain under parole supervision until the expiration of his sentence, July 25, 1992. *Id.*

On August 6, 1991, while on parole, petitioner committed the offense of distribution of cocaine and was sentenced in the Superior Court of the District of Columbia to a term of not more than twelve years. *Id.*, Ex. C; Petition for Writ of Habeas Corpus ("Pet."), ¶ 1. Based on

this offense, the D.C. Board revoked petitioner's parole on October 8, 1991, ordered that he be

denied reparole, and released from custody on his mandatory release date.  Resp. Opp., Ex. D.

On January 26, 1995, the D.C. Board granted parole to petitioner through work release to

supervision on or after June 30, 1995.  *Id.*, Ex. E.

On August 1, 1995, petitioner was released on parole.  *Id.*, Ex. F.  The D.C. Board

ordered that petitioner remain under parole supervision until June 30, 2003, the date of the

expiration of his sentence.  *Id.*  On December 29, 1998, the D.C. Board again revoked

petitioner's parole and ordered that he be considered for reparole by May 19, 1999.  *Id.*, Ex. G.

In August, 1998, parole authority over D.C. Code offenders was transferred from the D.C.

Board to the Parole Commission.  *See* D.C. Code § 24-1231; *see also Franklin v. District of*

*Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).   The Parole Commission conducted petitioner's

parole reconsideration hearing on February 14, 2000.  Resp. Opp., Ex. H.  In determining

petitioner's parole date, the Parole Commission relied on petitioner's three offenses involving

shoplifting and his failure to comply with the instructions of his parole officer.  *Id.*  The Parole

Commission ordered that petitioner be released on parole on September 19, 2000, after serving

twenty-two months imprisonment.  *Id.,* Ex. I.   After his release, the Parole Commission ordered

that petitioner remain under parole supervision until October 17, 2006, the date of the expiration

of his sentence.  *Id.*, Ex. J.

On June 27, 2003, the Parole Commission revoked petitioner's parole based on his use of

a dangerous and habit forming drug, failure to submit to drug testing, and failure to report to his

parole officer as directed.  *Id.*, Ex. P.  In addition, the Parole Commission ordered that none of

the time petitioner spent on parole be credited to his sentence and ordered that he be reparoled on

June 15, 2004, after petitioner served an imprisonment term of fourteen months. *Id.* Based on

the Parole Commission's decision, the Bureau of Prisons ("BOP") recalculated petitioner's full

term date to be May 9, 2009. *Id.*, Ex. C. Petitioner was released on parole on June 15, 2004.

*Id.*, Ex. Q.

*Discussion*

Petitioner contends that the forfeiture of his street time by the Parole Commission

violated the *Ex Post Facto* and Due Process Clauses of the Constitution and extended his

sentence beyond the maximum under the law. The *Ex Post Facto* Clause prohibits retroactive

application of a law which increases the punishment for a crime that an individual has already

committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). A statute retroactively increasing

the penalties upon parole revocation also would be unconstitutional. *Johnson v. United States*,

529 U.S. 694, 701 (2000). The same principle applies to an administrative regulation

promulgated pursuant to statutory authority. The "controlling inquiry" is whether retroactive

application of the change in a parole regulation creates "a sufficient risk of increasing the

measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250

(2000).

Petitioner's claim arises from decisions of the District of Columbia Court of Appeals

resolving an apparent conflict between two District of Columbia statutes and the interpretation of

those statutes by the District of Columbia Department of Corrections. The two statutes at issue

posed an apparent conflict on the issue of street time forfeiture following a parole revocation.

One statute, enacted in 1932, provided that "[i]f the order of parole shall be revoked ... [t]he time

a prisoner was on parole shall not be taken into account to diminish the time for which he was

sentenced." D.C. Code § 24-206(a).  In 1987, the District of Columbia enacted a statute that appeared to grant street time credit to parole offenders: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was  imposed."  D.C. Code § 24-431(a).

After being advised by Corporation Counsel that the latter statute repealed the former, the D.C. Department of Corrections promulgated a regulation providing that parole revocation would not result in the loss of street time toward service of the sentence for which parole has been granted. *See Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001).  That regulation was invalidated by the decision in *United States Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997).  In that case, the District of Columbia Court of Appeals held that the law enacted in 1932 providing for loss of street time upon parole revocation was not repealed by the statute enacted in 1987.  *Id.* at 1095.  As a result, because the agency had erroneously granted street time credit, the Department of Corrections was required to change its method of computing a person's sentence. *Davis*, 772 A.2d at 208.   The District of Columbia Court of Appeals ruled, in a subsequent decision, that *Noble* was retroactive and was applicable to persons who committed their offenses before the issuance of the *Noble* decision.  *See id.* at 215.

Petitioner's street time was forfeited because of a judicial decision invalidating a policy of the D.C. Department of Corrections. A judicial construction of a statute is "an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."  *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 311-12 (1994).  However, an unforeseeable  interpretation of a statute,  if applied retroactively, that increases punishment violates due process. *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964).   A judicial

4

construction of a statute is not foreseeable if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." *Id.* at 354.

The decision of the D.C. Court of Appeals in *Noble* was not so unforeseeable as to amount to a due process violation. First, the D.C. statute that required the forfeiture of street time had never been repealed. *See Davis*, 772 A.2d at 216. Moreover, petitioner was on notice that at the time the Department of Corrections implemented its policy that the United States Parole Commission took a contrary view of D.C. law and continued to forfeit street time upon revocation of parole. *Id.* at 209; *see also Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998)(interpreting *Noble*), *cert. denied*, 525 U.S. 1075 (1999). And at the time petitioner violated his parole, the only judicial decision that had addressed the issue found that the D.C. statute providing for the forfeiture of street time had not been repealed by the subsequent D.C. statute and the Department of Corrections policy. *See Tyler v. United States,* 929 F.2d 451, 457 (9th Cir.), *cert. denied*, 502 U.S. 845 (1991). For these reasons, the invalidation of the D.C. Department of Corrections' statutory interpretation did not violate the *Ex Post facto* Clause or petitioner's right to due process. *See Davis,* 772 A.2d at 215-16; *accord McQueen v. United States Parole Comm'n*, 2005 WL 913151, at *2 (D.D.C, Apr. 19, 2005); *Simmons v. United States Parole Comm'n*, 2005 WL 758268, at *1-2 (D.D.C. Apr. 1, 2005); *Wade v. Figueroa,* 2005 WL 607974, at *2 (D.D.C. Mar. 15, 2005).


*Conclusion*

The Parole Commission did not violate petitioner's constitutional rights when it revoked his parole. Therefore, the petition for writ of habeas corpus will be denied. A separate order

5

accompanies this Memorandum Opinion.


_____/s/_____
EMMET G. SULLIVAN
United States District Judge


DATE: 1-30-06